# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **PEGGY JO SULLIVAN**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:06CV00397 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Peggy Jo Sullivan, pro se*

Peggy Jo Sullivan, a federal defendant, brought this action styled as a "Writ of Error Coram Nobis for Jurisdictional Defect." Because the petitioner appeared to be challenging the validity of her federal criminal convictions, the court conditionally filed her pleading as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (West Supp. 2005), and directed Sullivan to elect within whether or not she wished to proceed with the case under § 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring courts to allow petitioner to elect whether to have pro se, post-conviction motion construed and addressed as a first motion under § 2255). The court also notified Sullivan that if the action was to be treated as a § 2255 motion, she should provide information as to why the motion could be deemed timely filed under § 2255. The allotted time has expired without any response from

Sullivan. Therefore, I will address the motion as one arising under § 2255. Upon review of the record, it is clear that the motion must be dismissed as untimely.

I

Sullivan pled guilty in July 1999 to charges related to possessing a destructive device. I sentenced her to 108 months in prison, entering final judgment on October 18, 1999. Sullivan did not appeal. Sullivan signed and dated her current pleading on June 23, 2006. Sullivan states that she has completed the imposed prison term, but is still serving the three years of supervised release time imposed for her federal convictions.

In her motion, Sullivan alleges that I exceeded my jurisdiction when I increased her base offense level under the United States Sentencing Guidelines upon finding that her offense conduct involved solicitation to commit murder in exchange for money. Sullivan asserts that because this state law offense was not charged in the federal indictment, I improperly relied on the finding to enhance her sentence.

II

The ancient writ of coram nobis, brought under the All Writs Act, 28 U.S.C.A. § 1651 (West 1994), survives in the criminal law context as an a "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). This writ was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted). Sullivan does not present any material factual errors related to her criminal conviction and sentence.

"Moreover, 'the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Id.* (quoting *Pa. Bureau of Corr. v. U. S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). The fact that a petitioner has foregone her opportunity to proceed under the intended statutory authority does not render the All Writs Act controlling authority for her claims of an illegal sentence. *Carlisle, 517 U.S.* at 429-30. Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct her criminal sentence on the ground that "the sentence

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185-86 (1979). An inmate who has completed her prison term, but is still serving a supervised release sentence is in custody for purposes of § 2255. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

As stated, Sullivan has completed her federal prison term. She is still serving her supervised release term, however, so remains in custody for purposes of § 2255. Because her claims would have been cognizable in a timely filed § 2255 motion, that statute remains the controlling authority for her current claims, and she cannot circumvent the timing provisions of § 2255 by styling her pleading as a petition for a writ of coram nobis under § 1651. Accordingly, I find that Sullivan is not entitled to relief under § 1651, and that her petition is properly construed as a § 2255 motion.

III

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. A conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). If the court gives a petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Under these principles, Sullivan's § 2255 motion is clearly untimely. Her conviction became final on or about November 1, 1999, when her opportunity to file an appeal expired. *See* Fed. R. App. P. 4(b). At that point, the federal clock began

- 5 -

running, and she had until October 31, 2000, to file a timely motion to vacate. Sullivan did not sign and date her present pleading until June 23, 2006, nearly six years after her conviction became final. She does not allege facts that would trigger calculation of her filing period under one of the other subsections of paragraph. 6 of § 2255,[1] nor does she offer any ground upon which she is entitled to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, finding no ground upon which her motion may be deemed timely, I must dismiss the action.

IV

For these reasons, I will construe Sullivan's petition as an untimely § 2255 motion and dismiss the action. A separate Final Order will be entered herewith.

ENTER: August 23, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] Sullivan also argues that she should be re-sentenced based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 ( 2005). Sullivan did not file her motion within one year of the *Booker* decision. Moreover, the United States Court of Appeals for the Fourth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive). Thus, Sullivan's *Booker* claim is without merit and cannot render her motion timely under § 2255, para. 6(3).